```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

SHERYL LYNN STANCHFIELD         :
                                :
                                :
V.                              :       CIV. NO. 3:09CV2105 (WWE)
                                :
MICHAEL J. ASTRUE               :
COMMISSIONER SOCIAL SECURITY    :
ADMINISTRATION                  :
```

RULING ON MOTION FOR ATTORNEY'S FEES

Pending is plaintiff's motion for an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) [doc. #36] in the amount of $12,520.76 in attorney's fees and $25.00 in costs. The Commissioner did not file a response to plaintiff's motion.

Under the EAJA, the rate of compensation is capped at $125 per hour, which may be adjusted upward to account for increases in the cost of living. 28 U.S.C. § 2412(d)(2)(A). The plaintiff seeks cost of living increases resulting in an adjusted rate of $188.35, based on the Consumer Price Index. See Harris v. Sullivan, 968 F.2d 263, 265 (2d Cir. 1992)(holding that "cost of living" is not defined in EAJA and is "properly measured by the Consumer Price Index"). The Commissioner does not challenge this rate and the Court finds the higher fee is justified. Therefore, the Court will accept Attorney Rubenstein's requested hourly rate of $188.35.

1

In this matter, Attorney Rubenstein billed for 66.3 hours of work, a greater amount of time than the time spent by comparable lawyers who have obtained similar results. See <u>Harris v. Astrue</u>, 11cv379 (HBF), (D. Conn. Jan. 10, 2012) (finding that 32.1 hours expended by plaintiff's counsel to be reasonable), <u>Ciaccia v. Astrue</u>, 11cv211 (WWE), (D. Conn. Jan. 13, 2012) (finding that 32.9 hours expended by plaintiff's counsel to be reasonable), <u>Chubbuck v. Astrue</u>, 10cv1689 (WWE)(D. Conn. Feb. 28, 2012) (finding that 33.3 hours expended by plaintiff's counsel to be reasonable).  However, the Court is aware that plaintiff filed a response to the defendant's motion to affirm, which is certainly permitted, but not common practice. Drafting the response to defendant's memorandum resulted in an additional twenty-one hours of time billed, or close to one-third of the total time requested. The Court finds that the time spent, 66.3 hours, is reasonable given that the response filed effectively distinguished cases cited by the defendant and led to plaintiff's favorable result.

The Court has carefully considered the motion, memorandum in support, affidavit of counsel and time records and finds that plaintiff's counsels's hourly rate ($188.35) and hours expended (66.3) are reasonable.

Accordingly, plaintiff's motion for an award of attorney's fees and costs pursuant to the Equal Access to Justice Act [doc.

#36] is **GRANTED**. The Court awards plaintiff attorney's fees in the amount of $12,520.76 and costs in the amount of $25.00. The fees may be paid directly to plaintiff's counsel pursuant to the Assignment of EAJA Fees if it is shown that plaintiff owes no debt to the government that would be subject to offset. See Astrue v. Ratliff, 130 S.Ct. 2521 (June 14, 2010) (holding attorney fees awarded under the EAJA are subject to offset to satisfy claimant's pre-existing debts to the government).

This is not a recommended ruling.  This is a ruling on attorneys' fees and costs which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made

SO ORDERED at Bridgeport this 29th day of March 2012.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE